**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**

88 Pine Street - 24th Floor
New York, New York 10005
(212) 483-9490
Attorneys for Plaintiff,
Hartford Fire Insurance Company

08 CV 01321

JUDGE BUCHWALD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HARTFORD FIRE INSURANCE COMPANY,

Plaintiff,

v.

RENATO FICHMANN; ROSE
CONTAINERLINE, INC.; MARGARET
HORTON-BRESHEARS; ERSIN OZERDEN;
CAROL BOLLAND; JAMES and LAURA
GRESHAM; FRANCYNE PEREIRA;
McKENZIE; DESEN LU; WILLIAM and
SUSAN BELL; DAVID MACDONALD; RUBY
ACOSTA; MIKE WOHLEGMUTH; CRANNY
COLLEEN; APHRODITE BERBERIDIS;
TRUDIE and PETER SCHREINERWOOD;
AMER ABU-HANN; TROMPIZ; JOE
EDWARDS; PALLADINO; LINES; KRISTINE
BOUDREAU; CHUVAL BONICELLE,
CARSON, EL AL MOVING CORP. dba
GLOBAL EXPRESS; and BELLA GRUSHKO

Defendants.

---

CIVIL ACTION NO.:

**HARTFORD FIRE INSURANCE
COMPANY'S COMPLAINT FOR
INTERPLEADER AND
OTHER RELIEF**



RECEIVED
FEB 08 2008
U.S.D.C. S.D.

Hartford Fire Insurance Company, by its undersigned counsel, McElroy, Deutsch,

Mulvaney & Carpenter, LLP, states for its Complaint against defendants, Renato Fichmann,

Rose Containerline, Inc., Margaret Horton-Breshears, Ersin Ozerden, Carol Bolland, James and

Laura Gresham, Francyne Pereira, McKenzie, Desen Lu, William and Susan Bell, David

MacDonald, Ruby Acosta, Mike Wohlegmuth, Cranny Colleen, Aphrodite Berberidis, Trudie

and Peter SchreinerWood, Amer Abu-Hanna, Trompiz, Joe Edwards, Palladino, Lines, Kristine Boudreau, Chuval Bonicelle, Carson, El Al Moving Corp. dba Global Express and Bella Grushko, as follows:

## JURISDICTION AND VENUE

1.    The matter in controversy in this case is a statutory interpleader action on a Federal Maritime Commission Ocean Transportation Intermediary Bond executed under Section 19 of the Shipping Act of 1984, as amended by the Ocean Shipping Reform Act of 1998, (46 U.S.C. App § 1701, *et seq.*) and Section 510.14 of the Federal Maritime Commission Regulations (46 C.F.R. § 515.21) (the "Bond"). The Bond, more fully described below, has a value of $75,000 or more.

2.    Plaintiff, Hartford Fire Insurance Company ("Hartford"), issued the Bond and is, and has been at all pertinent times, a corporation duly organized and existing under the laws of the State of Connecticut with a principal place of business in Connecticut and is further authorized to conduct business in the State of New York.

3.    The United States is the named obligee on the Bond that is the subject of this interpleader action. Its administrative agency, the Federal Maritime Commission, is responsible for regulating the ocean traffic of the United States by, *inter alia*, providing for the licensing and bonding of, among others, ocean transportation intermediaries.

4.    Defendant, El Al Moving Corp. dba Global Express ("EAMC" or "principal") is the principal on the Bond and, at all pertinent times, was a corporation duly organized and existing under the laws of the State of New York and/or New Jersey.

5.    Defendant, Bella Grushko was, at all pertinent times, the President of EAMC and a personal indemnitor to Hartford in connection with the Bond.

2

6.      Upon information and belief, defendants, Renato Fichmann, Rose Containerline, Inc., Margaret Horton-Breshears, Ersin Ozerden, Carol Bolland, James and Laura Gresham, Francyne Pereira, McKenzie, Desen Lu, William and Susan Bell, David MacDonald, Ruby Acosta, Mike Wohlegmuth, Cranny Colleen, Aphrodite Berberidis, Trudie and Peter SchreinerWood, Amer Abu-Hanna, Trompiz, Joe Edwards, Palladino, Lines, Kristine Boudreau , Chuval Bonicelle and Carson (collectively, the "Claimants") have asserted claims against the Bond.

7.      The subject matter jurisdiction of this Court is invoked by Hartford pursuant to 28 U.S.C. § 1335, because there is diversity of citizenship between two or more claimants and because they are asserting adverse claims to the proceeds of the Bond, which are in excess of $500.00.

8.      This Court also has jurisdiction pursuant to 28 U.S.C. § 1352, because this is an interpleader action on a bond executed by Hartford under a law of the United States.

9.      Jurisdiction is also invoked pursuant to 28 U.S.C. § 1332 in that this is an action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10.      Venue is properly laid in this District pursuant to 28 U.S.C. §1397 as at least one defendant resides in this District.

## COUNT I

### STATUTORY INTERPLEADER
### (AS TO CLAIMANTS)

11.      On or about January 13, 2005, Hartford, as surety, issued a Federal Maritime Commission Ocean Transportation Intermediary Bond, numbered JGINV0CC587 and in the penal sum of $75,000.00, on behalf of EAMC, as principal, and the United States as the obligee. A copy of the Bond is attached to this Complaint as Exhibit "A."

12.    The penal sum of the Bond was subsequently increased to $85,000.00 pursuant to a Surety Bond Endorsement dated May 23, 2005. A copy of the Surety Bond Endorsement is attached hereto as Exhibit "B."

13.    The Bond provides in part that:

> This bond shall inure to the benefit of any and all persons who have obtained a judgment or a settlement made pursuant to a claim under 46 CFR 515.23(b) for damages against the Principal arising from its transportation-related activities or order of reparation issued pursuant to section 11 of the 1984 Act, and to the benefit of the Federal Maritime Commission for any penalty assessed against the Principal Pursuant to Section 13 of the 1984 Act.

14.    The Bond further provides that:

> The Surety consents to be sued directly in respect of any _bona fide_ claim owed by Principal for damages, reparations or penalties arising form the transportation-related activities under the 1984 Act of Principal in the event that such legal liability has not been discharged by the Principal or Surety after a claimant has obtained a final judgment (after appeal, if any) against the Principal from a United States Federal or State Court of competent jurisdiction and has complied with the procedures for collecting on such a judgment pursuant to 46 CFR 515.23(b), the Federal Maritime Commission, or where all parties an claimants otherwise mutually consent, from a foreign court, or where such claimant has become entitled to payment of a specified sum by virtue of a compromise settlement agreement made with the Principal and/or Surety pursuant to 46 CFR 515.23(b), whereby, upon payment of the agreed sum, the Surety is to be fully, irrevocably and unconditionally discharged from all further liability to such claimant; provided, however, that Surety's total obligation hereunder shall not exceed the amount set forth in 46 CFR 515.21, as applicable. (Emphasis in original).

15.    Additionally, the Bond provides that:

> The liability of the Surety shall not be discharged by any payment or succession of payments hereunder, unless and until such payment or payments shall aggregate the penalty of this bond, and in no event shall the Surety's total obligation hereunder exceed said penalty regardless of the number of claims or claimants.

4

16.    Upon information and belief, EAMC ceased its business operations on or about September 10, 2007.

17.    The Claimants have asserted claims against Hartford under the Bond. A list of the Claimants, their available contact information, and the amount of each claim, is attached hereto as Exhibit "C."

18.    Additional claims by as yet unknown claimants may yet be made against the Bond.

19.    The total amount of the claims presently asserted exceeds the penal sum of the Bond.

20.    Unless the Court requires all the defendants and other potential claimants against the Bond to interplead among themselves regarding their claims to the Bond, and enjoins them from instituting other action against Hartford, Hartford may be required to defend multiple suits relating to the Bond and incur expenses far in excess of the penal sum of its obligation.

WHEREFORE, Hartford, by its undersigned counsel, respectfully prays that this Court grant it the following relief:

(a)    that the Claimants be required to interplead and settle among themselves their rights to the proceeds of the Bond;

(b)    that the Court hear and determine the claims of the interpleading Claimants and adjudicate the respective rights of the Claimants to and under the Bond;

(c)    for the entry of an Order restraining and enjoining each of the Defendants from instituting or prosecuting any proceeding or action affecting the Bond or the proceeds thereof pursuant to 28 U.S.C. § 2361;

(d)    for the entry of an Order permitting Hartford to deposit the amount of $85,000.00 into the Registry of this Court to be held and administered by the Clerk of the Court, pending further order of the Court,

(e)    for the entry of an Order discharging Hartford from any further liability relating to the Bond;

(f)    for the entry of an Order granting to Hartford its costs, including reasonable attorneys' fees, from the proceeds of the Bond, for having brought this interpleader action;

(g)    for the entry of an Order returning to Hartford the remaining proceeds of the Bond, if any, following the adjudication of the respective rights of the Claimants to and under the Bond; and

(h) for any other and further relief as this Court deems just and proper.

## COUNT II

### CONTRACTUAL INDEMNIFICATION
### (AS TO EAMC and BELLA GRUSHKO)

21.    On or about January 12, 2005, Defendant, Bella Grushko, individually and on behalf of EAMC (collectively, the "Indemnitors"), executed a General Indemnity Agreement ("Indemnity Agreement') in favor of Hartford. A true and correct copy of the Agreement is attached hereto as Exhibit "D."

22.    Paragraph 2 of the Indemnity Agreement provides as follows with respect to the obligations owed by the Indemnitors to Hartford under the Agreement: "To indemnify Hartford and save it harmless from all loss and expenses, including, but not limited to interest, court costs, attorney and counsel fees, incurred by Hartford by reason of any claims against Hartford under any such bond."

6

23.    Paragraph 3 of the Indemnity Agreement provides as follows with respect to the obligations owed by the Indemnitors to Hartford under the Agreement: "To deposit upon demand with Hartford an amount sufficient to discharge any claim on any such bond."

24.    Paragraph 4 of the Agreement provides as follows with respect to the obligations owed by the Indemnitors to Hartford under the Agreement: "That the obligations contained in this Agreement apply to all bonds issued, including any bonds issued prior to the date this Agreement was executed by the Indemnitor."

25.    Paragraph 5 of the Agreement provides as follows with respect to the obligations owed by the Indemnitors to Hartford under the Agreement: "That its obligations remain in full force and effect for any and all bonds referenced in Item 4. above, notwithstanding that the entity on whose behalf said bond(s) were issued has been sold, divested, transferred, dissolved or whose ownership has been otherwise altered in any way."

26.    Paragraph 6 of the Agreement provides as follows with respect to the obligations owed by the Indemnitors to Hartford under the Agreement: "That Indemnitor may terminate its participation in this Agreement, upon written notice to Hartford of not less than twenty (20) days, whereupon the obligations and liability of Indemnitor shall be limited to bond(s) furnished before the effective date of said notice, including any bond which was originally issued prior to the effective date of said notice and renewed subsequent to the effective date of such termination. Said notice cannot modify, bar or discharge Indemnitor's obligation for any bond(s) so furnished."

27.    On or about January 13, 2005, in reliance upon the Indemnity Agreement, Hartford, as surety, issued the Bond on behalf of EAMC, as principal. *See* Exhibit "A."

28.    At no time after the issuance of the Bond did the Indemnitors terminate the Indemnity Agreement.

29.    Upon information and belief, EAMC ceased its business operations on or about September 10, 2007.

30.    The Claimants have asserted claims against Hartford under the Bond, which exceed the penal sum of the Bond.

31.    Hartford has and will continue to incur loss and expenses, including, but not limited to interest, court costs, attorney and counsel fees, as a result of the claims asserted against Hartford under the Bond.

WHEREFORE, Hartford, by its undersigned counsel, respectfully prays that this Court grant it the following relief:

(a)    for damages, together with appropriate interest thereon;

(b)    for an order, declaring the Indemnitors liable to Hartford for all loss, costs, expenses and attorneys' fees incurred or to be incurred by Hartford as a result of, among others, the claims asserted under the Bond;

(c)    for an order, compelling the Indemnitors to perform their obligations to Hartford under the Indemnity Agreement; and

(d)    for an order compelling the Indemnitors to pay reasonable attorneys' fees, cost of suit, and any other relief that the Court deems just and proper.

## COUNT III

### DEMAND FOR COLLATERAL
### (AS TO EAMC and BELLA GRUSHKO)

32.    Hartford repeats the allegations of paragraphs 1 through 31 with the same force and effect as though set forth at length herein.

33.    Paragraph 3 of the Indemnity Agreement provides as follows with respect to the obligations owed by the Indemnitors to Hartford under the Agreement: "To deposit upon demand with Hartford an amount sufficient to discharge any claim on any such bond."

8

34.    The Claimants have asserted claims against Hartford under the Bond, which exceed the penal sum of the Bond.

WHEREFORE, Hartford, by its undersigned counsel, respectfully prays that this Court grant it the following relief:

(a)    for damages, together with appropriate interest thereon;

(b)    for an order, directing the Indemnitors to place Hartford with collateral in the form of money, property, or liens or security interests in property, as determined by Hartford to be ample collateral security for the outstanding obligations under the Indemnity Agreement, including the claims asserted under the Bond;

(c)    for an order compelling the Indemnitors to pay reasonable attorneys' fees, cost of suit, and any other relief that the Court deems just and proper.

## COUNT IV

### SUBROGATION
### (AS TO EAMC)

35.    Paragraphs 1 through 34 are realleged with the same force and effect as if set forth at length herein.

36.    To the extent that Hartford has made, or will make, payments to extinguish debts arising from the Bond, Hartford has, and will, become subrogated to the rights of, among others, those whom it paid, or will pay, including the Claimants who have, or will, assert claims against the Bond.

WHEREFORE, Hartford, by its undersigned counsel, respectfully prays that this Court grant it the following relief:

(a)    for damages in an amount equal to any payments made by Hartford to discharge EAMC's debts and obligations incurred in connection with the Bond;

    (b)     for an order declaring EAMC liable to Hartford in an amount equal to any further payments that Hartford becomes obligated to make pursuant to its obligations under the Bond, together with appropriate interest thereon; and

    (c)     for reasonable attorneys' fees, cost of suit, and any other relief that the Court deems just and proper.

## COUNT V

### COMMON LAW INDEMNIFICATION
### (AS TO EAMC)

37.    Paragraphs 1 through 36 are realleged with the same force and effect as if set forth at length herein

38    As between Hartford and EAMC, Hartford is secondarily obligated, while EAMC is primarily obligated, and EAMC owes a duty to Hartford to procure the discharge of all obligations arising from the Bond.

39.    EAMC has failed to honor its obligations arising from the Bond.

40.    Hartford is entitled to be indemnified by EAMC for any and all loss incurred under the Bond

WHEREFORE, Hartford, by its undersigned counsel, respectfully prays that this Court grant it the following relief:

    (a)     for damages in an amount sufficient to indemnify Hartford from any and all liability, cost and expense incurred as a result of its having executed the Bond, together with appropriate interest thereon;

    (b)     for an order declaring EAMC liable to Hartford for any and all liability, loss, cost, expense, and attorneys' fees incurred or to be incurred by Hartford as a result of its having executed the Bond; and

(c)     for reasonable attorneys' fees, cost of suit, and any other relief that the Court deems just and proper.

## COUNT VI

### EXONERATION/QUI TIMET
### (AS TO EAMC)

41.    Paragraphs 1 through 40 are realleged with the same force and effect as though set forth at length herein.

42.    EAMC is primarily obligated to satisfy all obligations arising from the Bond.

43.    Hartford has satisfied its obligations and is exposed to further liability as a result of having executed the Bond.

44.    EAMC has failed to honor its obligations to Hartford arising from the Bond.

45.    Hartford is entitled to be exonerated by EAMC against and from any and all liability or loss arising from the Bond.

WHEREFORE, Hartford, by its undersigned counsel, respectfully prays that this Court grant it the following relief:

(a)    for an order compelling EAMC to indemnify and exonerate Hartford against and from any and all liability or loss arising from the Bond;

(b)    for reasonable attorneys' fees, cost of suit, and any other relief that the Court deems just and proper.

MCELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP

Dated: February 6, 2008

By: _____
Adam R. Schwartz
88 Pine Street 24th Floor
New York, New York 10005
(212) 483-9490

Attorneys for Plaintiff,
Hartford Fire Insurance Company

12

# EXHIBIT A

# Form FMC-48
## FEDERAL MARITIME COMMISSION

### Ocean Transportation Intermediary (OTI) Bond
(Section 19, Shipping Act of 1984, as amended by the Ocean Shipping Reform
Act of 1998 and the Coast Guard Authorization Act of 1998)

EL AL MOVING CORP. DBA GLOBAL EXPRESS  - (NVOCC) _____ ,
as Principal (hereinafter "Principal"), and Hartford Fire Insurance Company,
as Surety (hereinafter "Surety") are held and firmly bound unto the United States
of America in the sum of $ 75,000.00 _____ for the payment of which sum we bind
ourselves, our heirs, executors, administrators, successors and assigns, jointly and
severally.

Whereas, Principal operates as an OTI in the waterborne foreign commerce
of the United States in accordance with the Shipping Act of 1984, as amended by
the Ocean Shipping Reform Act of 1998 and the Coast Guard Authorization Act
of 1998 ("1984 Act"), 46 U.S.C. app 1702, and, if necessary, has a valid tariff
published pursuant to 46 CFR part 515 and 520, and pursuant to section 19 of the
1984 Act, files this bond with the Commission;

Now, Therefore, The condition of this obligation is that the penalty amount
of this bond shall be available to pay any judgment or any settlement made
pursuant to a claim under 46 CFR § 515.23 (b) for damages against the Principal
arising from the Principal's transportation-related activities or order for
reparations issued pursuant to section 11 of the 1984 Act, 46 U.S.C. app. 1710, or
any penalty assessed against the Principal pursuant to section 13 of the 1984 Act,
46 U.S.C. app. 1712.

This bond shall inure to the benefit of any and all persons who have
obtained a judgment or a settlement made pursuant to a claim under 46 CFR
515.23 (b) for damages against the Principal arising from its transportation-related
activities or order of reparation issued pursuant to section 11 of the 1984 Act, and
to the benefit of the Federal Maritime Commission for any penalty assessed
against the Principal Pursuant to Section 13 of the 1984 Act. However, the bond
shall not apply to shipments of used household goods and personal effects for the
account of the Department of Defense or the account of federal civilian executive
agencies shipping under the International Household Goods Program administered
by the General Services Administration.

Form FMC-48
(Rev. 05/99)                    JGINVOCC587

1

01/25/2008 15:05 FAX 860 547 8265     BOND CLAIMS     ☑003

The liability of the Surety shall not be discharge by any payment or succession of payments hereunder, unless and until such payment or payments shall aggregate the penalty of this bond, and in no event shall the Surety's total obligation hereunder exceed said penalty regardless of the number of claims or claimants.

This bond is effective the _13th_ day of _Jan._ ___, __2005__, and shall continue in effect until discharged or terminated as herein provided. The Principal or the Surety may at any time terminate this bond by written notice to the Federal Maritime Commission at its office in Washington, DC. Such termination shall become effective thirty (30) days after receipt of said notice by the Commission. The Surety shall not be liable for any transportation-related activities of the Principal after the expiration of the 30-day period but such termination shall not affect the liability of the Principal and Surety for any event occurring prior to the date when said termination becomes effective.

The Surety consents to be sued directly in respect of any __bona fide__ claim owed by Principal for damages, reparations or penalties arising from the transportation-related activities under the 1984 Act of Principal in the event that such legal liability has not been discharged by the Principal or Surety after a claimant has obtained a final judgment (after appeal, if any) against the Principal from a United States Federal or State Court of competent jurisdiction and has complied with the procedures for collecting on such a judgment pursuant to 46 CFR 515.23 (b), the Federal Maritime Commission, or where all parties an claimants otherwise mutually consent, from a foreign court, or where such claimant has become entitled to payment of a specified sum by virtue of a compromise settlement agreement made with the Principal and/or Surety pursuant to 46 CFR 515.23 (b), whereby, upon payment of the agreed sum, the Surety is to be fully, irrevocably and unconditionally discharged from all further liability to such claimant; provided, however, that Surety's total obligation hereunder shall not exceed the amount set forth in 46 CFR 515.21, as applicable.

The underwriting Surety will promptly notify the Director, Bureau of Tariffs, Certification and Licensing, Federal Maritime Commission, Washington, DC 20573, of any claim(s) against this bond.


JGINVOCC587

Form FMC-48
(Rev 05/99)

2

Signed and sealed this _12_ day of _Jav_   _2005_ .

(Please type name of signer under each signature)

_____ Individual Principal or Partner

_____ Business Address

_____ Individual Principal or Partner

_____ Business Address

_____ Individual Principal or Partner

_____ Business Address

Trade Name, If Any

_____

_EL AL MOVING CORP._____ Principal

_DBA GLOBAL EXPRESS_____ Trade Name

_NEW YORK_____ State of Incorporation

2262 WEST STREET,
BROOKLYN, NY 11223_____ Business Address

_____ By

_BELLA GRUSHKO – PRESIDENT_ Title
(Affix Corporate Seal)

Hartford Fire Insurance Company  Corporate Surety
One Exeter Plaza, 3rd Floor
Boston, MA 02116_____ Business Address

_Lisa Vega_____ By

_Attorney-in-Fact_____ Title
(Affix Corporate Seal)

Form FMC-48
(Rev. 05/99)

JGINVOCC587

3

FRANK D. ROTELLI
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 9/26/2007

Sworn to and subscribed
before me this
_12_day of _Jav_, _20_ _05_

# POWER OF ATTORNEY

**THE HARTFORD**
BOND, T-4
690 ASYLUM AVENUE
HARTFORD, CONNECTICUT 06115
call: 888-266-3488 or fax: 860-757-5835
Agency Code: 06-087373 & 06-087438

## KNOW ALL PERSONS BY THESE PRESENTS THAT:

| | |
|---|---|
| X | Hartford Fire Insurance Company, a corporation duly organized under the laws of the State of Connecticut |
| X | Hartford Casualty Insurance Company, a corporation duly organized under the laws of the State of Indiana |
| X | Hartford Accident and Indemnity Company, a corporation duly organized under the laws of the State of Connecticut |
| | Hartford Underwriters Insurance Company, a corporation duly organized under the laws of the State of Connecticut |
| | Twin City Fire Insurance Company, a corporation duly organized under the laws of the State of Indiana |
| | Hartford Insurance Company of Illinois, a corporation duly organized under the laws of the State of Illinois |
| | Hartford Insurance Company of the Midwest, a corporation duly organized under the laws of the State of Indiana |
| | Hartford Insurance Company of the Southeast, a corporation duly organized under the laws of the State of Florida |

having their home office in Hartford, Connecticut, (hereinafter collectively referred to as the "Companies") do hereby make, constitute and appoint, up to the amount of unlimited:

James M. Gorman, Lisa Vega, Christopher J. Linzey
of
Boston, MA

their true and lawful Attorney(s)-in-Fact, each in their separate capacity if more than one is named above, to sign its name as surety(ies) only as delineated above, by ☒, and to execute, seal and acknowledge any and all bonds, undertakings, contracts and other written instruments in the nature thereof, on behalf of the Companies in their business of guaranteeing the fidelity of persons, guaranteeing the performance of contracts and executing or guaranteeing bonds and undertakings required or permitted in any actions or proceedings allowed by law.

In Witness Whereof, and as authorized by a Resolution of the Board of Directors of the Companies on September 12th, 2000, the Companies have caused these presents to be signed by its Assistant Vice President and its corporate seals to be hereto affixed, duly attested by its Assistant Secretary. Further, pursuant to Resolution of the Board of Directors of the Companies, the Companies hereby unambiguously affirm that they are and will be bound by any mechanically applied signatures applied to this Power of Attorney.



_Paul A. Bergenholtz_

Paul A. Bergenholtz, Assistant Secretary

_Colleen Mastroianni_

Colleen Mastroianni, Assistant Vice President

STATE OF CONNECTICUT
COUNTY OF HARTFORD } ss. Hartford

On this 25th day of October, 2002, before me personally came Colleen Mastroianni, to me known, who being by me duly sworn, did depose and say; that she resides in the County of Hartford, State of Connecticut; that she is the Assistant Vice President of the Companies, the corporations described in and which executed the above instrument; that she knows the seals of the said corporations; that the seals affixed to the said instrument are such corporate seals; that they were so affixed by authority of the Boards of Directors of said corporations and that she signed her name thereto by like authority.



_Scott E. Paseka_
Scott E. Paseka
Notary Public
My Commission Expires October 31, 2007

CERTIFICATE

I, the undersigned, Assistant Vice President of the Companies, DO HEREBY CERTIFY that the above and foregoing is a true and correct copy of the Power of Attorney executed by said Companies, which is still in full force effective as of January 13, 2005.

Signed and sealed at the City of Hartford.



JGINVOCC587

_Yves Cantin_

Yves Cantin, Assistant Vice President

# EXHIBIT B

01/25/2008 15:07 FAX 860 547 8265    BOND CLAIMS    ☑010

# SURETY BOND ENDORSEMENT

Bond No: ___JGINVOCC587___

    To be attached to and form a part of ___NVOCC___ Bond, issued by the undersigned Company, as Surety, on behalf of El Al Moving corp dba Global Express ___ as Principal, and in favor of UNITED STATES OF AMERICA ___, as Obligee.

Effective _06-13-2005_ the Principal and the Surety hereby agree to amend the attached Bond as follows:

**EFFECTIVE IMMEDIATELY THE FOLLOWING ONE BRANCH LOCATIONS WILL BE ADDED TO THE ABOVE CAPTIONED NVOCC BOND:**

**ADDITION LOCATION:**

    1.  3901 SOUTH OCEAN DRIVE #2Y
        HOLLYWOOD, FL 33019

**THE TOTAL BOND AMOUNT IS NOW $85,000.00**

    Provided that the liability under this endorsement shall be part of, and not in addition to, the liability under the attached bond, and in no event cumulative.

    Nothing herein contained shall vary, alter or extend any of the provisions, conditions, or other terms of this bond except as stated above.

    Signed, sealed and dated this _23_ day of _May_ _2005_

EL AL MOVING CORP. dba Global Express
(Name of Principal)

_B. Grushko_
(Title) BELLA GRUSHKO-PRESIDENT

                              Hartford Fire Insurance Co.
                              (Surety)

                              BY _Lisa Vega_
Accepted:                     Lisa Vega    , Attorney-In-Fact

_____
(Name of Obligee)

BY _____
          Title                          Endorsement No. _1_

JGINVOCC587

01/25/2008 16:07 FAX 880 547 8265    BOND CLAIMS    ☒011

# POWER OF ATTORNEY

Direct Inquiries/Claims to:

**THE HARTFORD**
BOND, T-4
690 ASYLUM AVENUE
HARTFORD, CONNECTICUT 06115
call: 888-266-3488 or fax: 860-757-5835
Agency Code: 08-087373 & 08-087438

**KNOW ALL PERSONS BY THESE PRESENTS THAT:**

| | |
|---|---|
| X | Hartford Fire Insurance Company, a corporation duly organized under the laws of the State of Connecticut |
| X | Hartford Casualty Insurance Company, a corporation duly organized under the laws of the State of Indiana |
| X | Hartford Accident and Indemnity Company, a corporation duly organized under the laws of the State of Connecticut |
| | Hartford Underwriters Insurance Company, a corporation duly organized under the laws of the State of Connecticut |
| | Twin City Fire Insurance Company, a corporation duly organized under the laws of the State of Indiana |
| | Hartford Insurance Company of Illinois, a corporation duly organized under the laws of the State of Illinois |
| | Hartford Insurance Company of the Midwest, a corporation duly organized under the laws of the State of Indiana |
| | Hartford Insurance Company of the Southeast, a corporation duly organized under the laws of the State of Florida |

having their home office in Hartford, Connecticut, (hereinafter collectively referred to as the "Companies") do hereby make, constitute and appoint, up to the amount of unlimited:

James M. Gorman, Lisa Vega, Christopher J. Linzey

of

Boston, MA

their true and lawful Attorney(s)-in-Fact, each in their separate capacity if more than one is named above, to sign its name as surety(ies) only as delineated above by ☒, and to execute, seal and acknowledge any and all bonds, undertakings, contracts and other written instruments in the nature thereof, on behalf of the Companies in their business of guaranteeing the fidelity of persons, guaranteeing the performance of contracts and executing or guaranteeing bonds and undertakings required or permitted in any actions or proceedings allowed by law.

In Witness Whereof, and as authorized by a Resolution of the Board of Directors of the Companies on September 12th, 2000, the Companies have caused these presents to be signed by its Assistant Vice President and its corporate seals to be hereto affixed, duly attested by its Assistant Secretary. Further, pursuant to Resolution of the Board of Directors of the Companies, the Companies hereby unambiguously affirm that they are and will be bound by any mechanically applied signatures applied to this Power of Attorney.



Paul A. Bergenholtz, Assistant Secretary

Colleen Mastroianni, Assistant Vice President

**STATE OF CONNECTICUT** } ss. Hartford
**COUNTY OF HARTFORD**

On this 25th day of October, 2002, before me personally came Colleen Mastroianni, to me known, who being by me duly sworn, did depose and say; that she resides in the County of Hartford, State of Connecticut; that she is the Assistant Vice President of the Companies, the corporations described in and which executed the above instrument; that she knows the seals of the said corporations; that the seals affixed to the said instrument are such corporate seals; that they were so affixed by authority of the Boards of Directors of said corporations and that she signed her name thereto by like authority.



Scott E. Paseka, Notary Public
My Commission Expires October 31, 2007

-- CERTIFICATE --

I, the undersigned, Assistant Vice President of the Companies, DO HEREBY CERTIFY that the above and foregoing is a true and correct copy of the Power of Attorney executed by said Companies, which is still in full force effective as of:  June 13, 2005
Signed and sealed at the City of Hartford.



JGINVOCC587

Yvast Cantin, Assistant Vice President

# EXHIBIT C

**El Al d.b.a. Global Express**

| Claimants | Contact Info. Address | Contact Info. Telephone | Contact Info. E-Mail | Amount of Claim |
|---|---|---|---|---|
| Renato Fichmann | | | renato@fichmann.com.br | ? |
| Rose Container | 259 West 30th Street, 12th Floor New York, NY 10001 | 212-966-0084 (Neal Rosenberg) | neal@rosscontainerline.com | $11,905.00 |
| Margaret Horton-Breshears | 12 Dempster St., Toowong, QLD 4066, Australia | 520-327-9895 | jpb@jpaulbreshears.com | $2,274.86 |
| Ersin Ozerden | Dreneich, Germany | | oslowski@gmail.com | ? |
| Carol Bolland | 3 Hadrian Close, West Parley, Ferndown, Dorset England BH22 8RQ | | cbolland2005@yahoo.co.uk | $12,007.71 |
| James & Laura Gresham | Applecross, 2437 Morvern Road, Glen Elgin, NSW 2370, Australia | | jamesandlaura@googlemail.com | $9,068.72 |
| Francyne Pereira | Bogata, Colombia | | fpereira@charter.net | $12,914.72 |
| Gloria MacKenzie | 139-19, 231st Laurelton, NY 11413 | 781-949-7044 | ahunt@clearwire.net | $1,588.00 |
| Desen Lu | Shanghai, China | | desen.lu@lighting.ge.com | $2,986.75 |
| William & Susan Bell | 20 Rustic Drive, Cohasset, MA 02025 | 617-823-0501 781-383-2842 | bill.bell3@comcast.net susan.bell@ehs.ma.state.us | $5,000.00 |
| David MacDonald | 2026 West 1st Street Reno, NV 89503 | 775-324-5500 (fax) | | $6,257.50 |
| Ruby Acosta | Mexico City | 212-798-9005 Soraya Ruiz (Columbia Consul.) | ruby_acosta@yahoo.com | $2,770.00 |
| Mike Wohlgemuth | Moulin d'En Haut du Bois de La Roche, Commana, France 29450 | | wohlgemuthm@gmail.com | $1,020.56 |
| Cranny Colleen | 110 Matthew Flinders Avenue, Cooee Bay, QLD Australia 4703 | 850-544-2925 802-464-5797 | | $4,281.12 |
| Aphrodite Berberidis | N. Zorba 32 & L. Ritsou Kalamaria TK 55132, Greece | 011-30-2310332490 (T) 011-30-2310332491 (F) | afrodite1956@yahoo.com | ? |
| Trudie & Peter Schreiner-Wood | 20A Tweed Street Mt. Maunganui, New Zealand | 011-64-7-572-2179 | pastb3@xtra.co.nz | $1,386.83 |
| Amer Abu-Hanna | P.O. Box 478, Remeh Village 16940, Israel | 011-972-4-646-7266 | amerahanna@gmail.com | $5,175.00 |
| Trompiz | 2634 Salt Grass sTrail Deer Park, TX 77536 | 281-542-5736 (home) 281-263-8655 (office) | carlos.trompnz@fluor.com | $3,737.00 |
| Joe Edwards | 2 Canton Street, Suite 111 Stoughton, MA 02072 | 781-297-2011 718-732-2822 | | $1,872.00 |

Doc. #1048936

File No. 000912-0019

# El Al d.b.a. Global Express

| Palladino | Reichenberger Street, 18 Sindelfingen, Germany 71067 | 011 49 7031 1976 | palladino.de@gmail.com | $2,579.00 |
|---|---|---|---|---|
| Lines | | | samanthalines@hotmail.com | $5,202.47 |
| Kristine Boudreau | 24 Blenheim Ct., 17 Beulah Hill London, SE19 3LJ, UK | 001 44 208 771 3578 | birdgirl@hotmail.co.uk | $1,237.48 |
| Chuval Bonicelle | | 609-721-3245 | | |
| Carson | | 40721491072 | | |
| TOTAL | | | | $93,264.72 |

# EXHIBIT D

01/25/2008 15:06 FAX 860 547 8265          BOND CLAIMS                          ☑005

## GENERAL INDEMNITY AGREEMENT



Hartford Fire Insurance Company
Hartford, Connecticut 06115

This Agreement is made by the undersigned, hereinafter referred to as "Indemnitor", in favor of Hartford Fire Insurance Company, Hartford Plaza, Hartford, Connecticut, 06115, for itself and its affiliates, parent, and subsidiaries, individually and collectively called "Hartford" for the purpose of indemnifying it from all loss and expense in connection with any bonds executed for the Indemnitor and/or its direct or indirect subsidiaries or affiliated companies

Wherever used in this Agreement, the term "bond" shall include any and all bonds, undertakings or instruments of guarantee and any renewals or extensions thereof executed by Hartford

In consideration of the execution of any such bonds and as an inducement to such execution by Hartford, Indemnitor agrees:

1.  To pay the initial premium and all renewal or additional premiums for each such bond, as they fall due, and until Hartford has been provided with competent legal evidence that each Bond has been duly discharged.
2.  To indemnify Hartford and save it harmless from all loss and expense, including, but not limited to interest, court costs, attorney and counsel fees, incurred by Hartford by reason of any claims against Hartford under any such bond.
3.  To deposit upon demand with Hartford an amount sufficient to discharge any claim on any such bond
4.  That the obligations contained in this Agreement apply to all bonds issued, including any bonds issued prior to the date this Agreement was executed by the Indemnitor.
5.  That its obligations remain in full force and effect for any and all bonds referenced in Item 4. above, notwithstanding that the entity on whose behalf said bond(s) were issued has been sold, divested, transferred, dissolved or whose ownership has been otherwise altered in any way.
6.  That Indemnitor may terminate its participation in this Agreement, upon written notice to Hartford of not less than twenty (20) days, whereupon the obligations and liability of Indemnitor shall be limited to bond(s) furnished before the effective date of said notice, including any bond which was originally issued prior to the effective date of said notice and renewed subsequent to the effective date of such termination. Said notice cannot modify, bar or discharge Indemnitor's obligation for any bond(s) so furnished.
7.  That this Agreement may be changed or modified only in writing, agreed to by both the Indemnitor and Hartford

Dated and effective this _12_ day of _Jan, 2005_

Attest:

By: _____  EL AL MOVING CORP DBA GLOBAL EXPRESS    (Seal)
                                          (Corporate Name)

Witness: _____  By: _B. Grushko_____
                                          (Signature/Title)

                              BELLA GRUSHKO        SS# 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
                              (Individual Name and Social Security Number)

                              By: _B. Grushko_____
                                          (Individual Signature)

Witness: _____                              SS# _____

                              (Individual Name and Social Security Number)

                              By: _____
                                          (Individual Signature)

## CORPORATION ACKNOWLEDGMENT

State Of _NEW JERSEY_
City Of _HACKENSACK_

On this _12_ day of _Jan. 2005_ before me personally came _BELLA GRUSHKO DBA GLOBAL EXPRESS_ to me known, who being by me duly sworn, did depose and say; that (s)he resides in _FAIR LAWN_; that (s)he is the _EL AL MOVING CORP / PRESIDENT_ of the corporation described in and which executed the above instrument; that (s)he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said corporation; and that (s)he signed her/his name thereto by like order

FRANK D. ROTELLI
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 9/26/2007

Notary Public, residing at _Hackensack NJ 07601_

Commission expires: _9/26/2007_

Sworn to and subscribed
before me this
_12_ day of _Jan_ 20 _05_